————o————

## No. 5847.

## CHARLES F. PATTERSON vs. WILLIAM B. KOOPS.

### Syllabus.

1. The findings of facts of the trial Judge who has seen and heard the witnesses will not be lightly disturbed.

2. Error as to the substance of the thing which is the subject of the contract vitiates the latter. *R. C. C.,* 1836-1837.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 95,960. Hon. E. K. Skinner, Judge.

Oscar Schrieber, for plaintiff and appellant.

Carroll, Henderson & Carroll, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The defense to this suit for the specific performance of an alleged contract to purchase certain lots in "Park Row" is that there was error as to the thing which was the subject of the contract, the defendant alleging that he intended to purchase lots in **City Park Row**, which is an improved thoroughfare, and not in **Park Row**, which is a blind alley leading from Carrollton Avenue to the rear of the lots facing City Park Row. There was judgment below maintaining this defense and the plaintiff appeals.

There is considerable conflict in the testimony, but as a whole it sustains the defense that defendant honestly believed that he was purchasing lots on **City Park Row**, to which his attention had been directed by the "For Sale" signs of plaintiff's brokers. He was undoubtedly likewise led into this error partly by his own ignorance of the fact that two streets bearing such similar names existed in this newly opened residential section of the city, and partly through the statement of a clerk in the employ of plaintiff's brokers to the effect that **City Park Row** and **Park Row** were one and the same thoroughfare. Defendant's testimony is to this effect and he is corroborated by the testimony of disinterested witnesses, as well as by other facts, that it will serve no useful purpose to review. He is positive as to the statement made to him by the broker's clerk, while the latter, as a wit-

ness, does not emphatically deny making it, but rather professes to have no recollection thereof, and admits that he did not know the difference between the two streets.

As there was no meeting of the minds with respect to the thing which was the subject of the contract, no obligation was created, and, consequently, specific performance was properly denied.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, June 19th, 1913.